In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3202

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

BERRY CARR,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 10-CR-68-WMC-01—**William M. Conley**, *Chief Judge.*

ARGUED FEBRUARY 22, 2011—DECIDED JULY 25, 2011

Before WILLIAMS and TINDER, *Circuit Judges*, and
GOTTSCHALL, *District Judge.*[*]

GOTTSCHALL, *District Judge.* The government charged
defendant Berry Carr with one count of possessing a
firearm as a convicted felon under 18 U.S.C. § 922(g)(1).
A superseding indictment added two additional counts:

[*] The Honorable Joan B. Gottschall, United States District
Judge for the Northern District of Illinois, sitting by designation.

a robbery charge under the Hobbs Act, 18 U.S.C. § 1951, and a charge of brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). The charges stemmed from an incident in which Carr used a gun to rob a Stop N' Go convenience store in Fitchburg, Wisconsin. He made off with a mere $54 in cash. As part of an agreement with the government, Carr pled guilty to the § 1951 and § 924(c) counts. The felon-in-possession count was dismissed on the government's motion. The district court sentenced Carr to 96 months and 84 months imprisonment on the two counts, respectively. The terms were to be served consecutively.

As part of the plea agreement, Carr reserved his right to appeal the district court's decision denying his pre-trial motion to dismiss the Hobbs Act charge. Carr had argued before the district court that the indictment did not allege a crime which affected commerce, as required by the statute. Carr now challenges the § 1951 conviction.

The Hobbs Act provides that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). In this case, the government must prove two elements: a robbery and an effect on interstate

commerce. *United States v. Peterson*, 236 F.3d 848, 851 (7th Cir. 2001). The indictment alleged that Carr robbed a store that was "engaged in interstate commerce and in the wholesale purchase, distribution and retail sale of beverages and food products originating outside the State of Wisconsin."

The Hobbs Act "speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence." *Stirone v. United States*, 361 U.S. 212, 215 (1960). As Carr acknowledges, the law of this circuit requires the government to show only that the charged crime had a "*de minimis*" or slight effect on interstate commerce. *See, e.g.*, *United States v. Bailey*, 227 F.3d 792, 797 (7th Cir. 2000). The government meets its burden by showing that a defendant robbed an enterprise which engages in interstate commerce, thus depleting the assets of the enterprise and limiting its ability to purchase more goods. *Peterson*, 236 F.3d at 854.

Carr contends that the Supreme Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995) (invalidating the Gun-Free School Zones Act), and *United States v. Morrison*, 529 U.S. 598 (2000) (invalidating part of the Violence Against Women Act), should lead this court to reconsider its holding that a *de minimis* effect on commerce is sufficient to invoke Congress's Commerce Clause power. This court has expressly rejected that argument on numerous occasions. *United States v. Griffin*, 493 F.3d 856, 861 (7th Cir. 2007); *United States v. Sutton*, 337 F.3d 792, 796 (7th Cir. 2003); *Peterson*, 236 F.3d at 852;

*see also United States v. Watson*, 525 F.3d 583, 590 n.3 (7th Cir. 2008) (noting that Carr's argument is a "perennial loser").

The Commerce Clause gives Congress three broad categories of authority: (1) the power to regulate the use of channels of interstate commerce, (2) the power to regulate and protect instrumentalities, persons or things in interstate commerce, and (3) the power to regulate activities having a substantial effect on interstate commerce. *Morrison*, 529 U.S. at 608-09. In this case, like *Lopez* and *Morrison*, the government's assertion of power is premised on the third category.

In *Morrison*, the Court invalidated a section of the Violence Against Women Act ("VAWA") that provided a federal civil remedy for victims of gender-motivated violence. The government had argued that this section of the VAWA was constitutional because, in the aggregate, violence against women substantially affects commerce. *Id.* at 615. But the Court rejected this method of considering the aggregate effect of a class of crimes. "[I]ntrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the States." *Id.* at 618. Accepting the government's argument would have expanded the Commerce Clause power to encompass regulation of almost any crime as well as other areas of traditional state concern. *Id.* at 615-16.

In this case, there is no similar risk that the Hobbs Act will obliterate all limits on federal power. Although robbery itself is not necessarily economic activity, Carr's

crime targeted a business engaged in interstate commerce. And unlike the statutes at issue in *Lopez* and *Morrison*, the Hobbs Act contains a jurisdictional element which requires the government to prove the interstate nexus. *Peterson*, 236 F.3d at 852 ("[The Hobbs Act] does not federalize all robberies because all robberies per se affect interstate commerce; rather, it applies only to robberies with the proven effect."). An act of violence against even one business, like the convenience store in this case, could conceivably deter economic activity and thus harm national commerce. The economic harm would not necessarily depend upon the amount of money with which any particular defendant absconds. If retail stores, in the aggregate, have a substantial effect on commerce (which they undoubtedly do, *see Sutton*, 337 F.3d at 796 n.2), then the federal government has a legitimate interest in preventing any crime like the one in this case.

Carr's conviction is affirmed.